1  KELLEY DRYE & WARREN LLP
    David E. Fink (STATE BAR NO. 169212)
2    Cary L. Finkelstein (STATE BAR NO. 302138)
   10100 Santa Monica Boulevard, 23rd Floor
3  Los Angeles, California 90067
   Telephone: (310) 712-6100
4  Facsimile: (310) 712-6199
   dfink@kelleydrye.com
5  cfinkelstein@kelleydrye.com

6  Attorneys for Defendant BuzzFeed, Inc.

7

8              **UNITED STATES DISTRICT COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10

11 | BRITTANY WRIGHT, an individual, | Case No. 2:18-cv-02187-CAS-AFM |
|---|---|
12 | Plaintiff, | Honorable Christina A. Snyder |
13 | vs. | **DEFENDANT'S NOTICE OF MOTION AND PARTIAL MOTION TO DISMISS COMPLAINT (FED. R. CIV. P. 12(B)(6); MEMORANDUM OF POINTS AND AUTHORITIES** |
14 | BUZZFEED, INC., a New York Corporation; and DOES 1 through 10, Inclusive, | |
15 | | |
16 | Defendants. | |
17 | | *[Declaration of Cary L. Finkelstein, Request for Judicial Notice; Rule 7.1 Disclosure Statement and Notice of Interested Parties; and [Proposed] Order filed concurrently herewith]* |
18 | | |
19 | | |
20 | | |
21 | | Date:   June 4, 2018<br>Time:   10:00 a.m.<br>Crtrm:  8D |
22 | | |
23 | | Action Filed:  March 15, 2018<br>Trial Date:     None Set |
24 | | |

25

26

27

28

DEFENDANT'S PARTIAL MOTION TO DISMISS COMPLAINT (FED. R. CIV. P. 12(B)(6))

4849-2591-9587

**TO THE COURT AND ALL PARTIES AND ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on June 4, 2018 at 10:00 a.m. or as soon thereafter as the matter may be heard before the Honorable Christina A. Snyder in the United States Court for the Central District of California, First Street Courthouse, 350 W. First Street, Courtroom 8D, 8th Floor, Los Angeles, California 90012, Defendant BuzzFeed, Inc. ("Defendant"), will and does hereby move, pursuant to Federal Rule of Civil Procedure 12(b)(6), for an order dismissing Plaintiff Brittany Wright's ("Plaintiff") prayer for statutory damages and attorneys' fees based on her Copyright Act claims in the complaint (Docket No. 1 ("Complaint")).

Good cause exists to grant this motion. Plaintiff's claims for statutory damages and attorneys' fees on her First and Second Claims For Relief are fatally defective, and must be dismissed as a matter of law, as the Copyright Act requires registration of a work prior to the alleged infringement or registration within three months of first publication in order to recover those categories of damages. Plaintiff admits on the face of her complaint that Defendant's alleged infringement commenced prior to her application for copyright registration. Plaintiff also did not register her copyright within three months of first publishing the works at issue. Therefore, Plaintiff cannot state a claim for statutory damages or attorneys' fees in connection with both of her Copyright Act claims (First and Second Claims for Relief).

This Motion is based on this Notice of Motion, the Memorandum of Points and Authorities, the [Proposed] Order, the Declaration of Cary L. Finkelstein, and the Request for Judicial Notice filed concurrently herewith, as well as the other documents on file in this action, and such other argument as may be introduced at or before the hearing on this Motion.

This Motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on April 23, 2018.

DATED: May 1, 2018

KELLEY DRYE & WARREN LLP
David E. Fink
Cary L. Finkelstein

By  /s/ David E. Fink
David E. Fink
Attorneys for Defendant
BuzzFeed. Inc.

2

## **TABLE OF CONTENTS**

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ........................................... 1

I.    INTRODUCTION ..................................................................................... 1

II.   FACTUAL AND PROCEDURAL BACKGROUND ................................. 2

III.  PLAINTIFF'S CLAIMS FOR STATUTORY DAMAGES AND ATTORNEYS' FEES MUST BE DISMISSED ............................................. 3

    A.    Legal Standard ................................................................................. 3

    B.    Plaintiff Cannot Recover Statutory Damages And Attorneys' Fees ................................................................................................... 4

IV.  CONCLUSION .......................................................................................... 6

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adams v. Johnson*,
  355 F.3d 1179 (9th Cir. 2004) ........................................................................... 3, 4

*Alaska Stock, LLC v. Houghton Mifflin Harcourt Pub. Co.*,
  747 F.3d 673 (9th Cir. 2014) ................................................................................ 5

*American Title Ins. Co. v. Lacelaw Corp.*,
  861 F.2d 224 (9th Cir. 1988) ................................................................................ 5

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) .............................................................................................. 3

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ......................................................................................... 2, 3

*Derek Andrew, Inc. v. Poof Apparel Corp.*,
  528 F.3d 696 (9th Cir. 2008) ................................................................................ 4

*Marderosian v. Warner Bros. Entm't*,
  No. 2:17-cv-01062-CAS, 2017 WL 1653943 (C.D. Cal. May 1, 2017) ............................................................................................................... 4

*Peliculas Y Videos Internacionales, S.A. de C.V. v. Harriscope of Los Angeles, Inc.*,
  302 F. Supp. 2d 1131 (C.D. Cal. 2004) ................................................................ 5

*Shwarz v. U.S.*,
  234 F.3d 428 (9th Cir. 2000) ................................................................................ 4

*Whittlestone, Inc. v. Handi-Craft Co.*,
  618 F.3d 970 (9th Cir. 2010) ................................................................................ 4

**Statutes**

17 U.S.C. § 412 ........................................................................................... 1, 3, 4, 5

Copyright Act. ............................................................................................ 1, 3, 5, 6

**Other Authorities**

Federal Rule of Civil Procedure 12(b)(6) .................................................................. 3, 4

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

Plaintiff Brittany Wright ("Plaintiff") alleges claims for copyright infringement, vicarious and/or contributory copyright infringement, and violation of the Digital Millennium Copyright Act (the "DMCA") based on Defendant BuzzFeed, Inc.'s ("Defendant" or "BuzzFeed") alleged use of her photographs on the internet (the "Subject Photographs"). Plaintiff seeks statutory damages and attorneys' fees in connection with her First and Second claims, both of which arise under the Copyright Act. (Docket No. 1 (the "Complaint"), ¶¶ 29, 35, Prayer for Relief, ¶¶ b, d.) Plaintiff cannot recover these categories of damages, however, because she applied to register her copyright for the Subject Photographs *after* all alleged infringement commenced and *more than three months after* she first published the Subject Photographs. Accordingly, Plaintiffs' claims for statutory damages and attorneys' fees must be dismissed from the first two causes of action.[1]

The Copyright Act specifically prohibits statutory damages and attorneys' fees unless (1) the copyrighted work was registered *prior* to the commencement of the allegedly infringing activities, or (2) the registration was made within three months after the work's first publication. 17 U.S.C. § 412(2). Neither circumstance exists in this case. Plaintiff alleges on the face of her Complaint that BuzzFeed published the Subject Photographs beginning in April 2015 through August 2017. Plaintiff first published the Subject Photographs between February 2014 and December 2015. Since Plaintiff did not file an application to register a copyright for any of the Subject Photographs until January 19, 2018, her claims for statutory damages and attorneys' fees are barred as a matter of law.

---

[1] BuzzFeed does not address the substance of Plaintiff's Copyright Act or DMCA claims or Plaintiff's claims for statutory damages or attorneys' fees under the DMCA in the instant Motion. BuzzFeed denies the merit of those claims and reserves the right to address them in separate motion practice at a later date.

1

Based on the foregoing, Defendant respectfully requests that the Court dismiss Plaintiff's claims and prayer for statutory damages and attorneys' fees on her First and Second Claims for Relief.

## II.

## FACTUAL AND PROCEDURAL BACKGROUND[2]

BuzzFeed is a digital media company focused on delivering news and entertainment to its readers. Plaintiff is a photographer who displays her work on her Instagram account, website, and in her recently published book, "Feast Your Eyes." (Compl., ¶ 8.) Plaintiff alleges that Defendant published articles on its website using the Subject Photographs without her authorization. (Compl., ¶¶ 19-20, 23-24.) Specifically, Plaintiff alleges that Defendant published the Subject Photographs on the following dates: April 10, 2015; May 12, 2016; June 6, 2016; June 10, 2016; August 7, 2016; and August 24, 2017 (the "Subject Posts"). (Compl., ¶¶ 9, 11-13, 15, 17, 24.) These publications are the only instances of copyright infringement Plaintiff alleged. (*Id.*) Accordingly, on the face of the Complaint, all of the Subject Posts were published on BuzzFeed's website well before Plaintiff filed her application for copyright registration on January 19, 2018. (*Id.*)

In addition, the Subject Photographs were initially published by Plaintiff on her Instagram account on the following dates: February 2, 2014; February 5, 2014; June 12, 2014; August 10, 2014; November 11, 2014; December 19, 2014; March 29, 2015; and December 21, 2015. (Request for Judicial Notice ("RJN"), Exhs. 1-8.). Since Plaintiff did not file an application for copyright registration for any of the Subject Photographs until January 19, 2018, the application occurred well more than three months after each of the Subject Photographs was first published. (RJN, Exh. 9.)

---

[2] Well pleaded facts are accepted as true for purposes of BuzzFeed's motion to dismiss. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 553 (2007)

In the instant lawsuit, Plaintiff asserts claims for (1) copyright infringement pursuant to the Copyright Act, (2) vicarious and/or contributory copyright infringement, and (3) violations of the DMCA. (*Id.* ¶¶ 22-39.) Despite filing her copyright registration application *after* all alleged infringement commenced, and well *more than three months after she first published the Subject Photographs*, Plaintiff seeks statutory damages and attorneys' fees in connection with her Copyright Act claims. (Compl., ¶¶ 29, 35, Prayer for Relief, ¶¶ b, d.)

## III.
## PLAINTIFF'S CLAIMS FOR STATUTORY DAMAGES AND ATTORNEYS' FEES MUST BE DISMISSED

### A. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) requires dismissal of a claim when a plaintiff's allegations fail to set forth a set of facts which, if true, would entitle the complainant to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (holding that a claim must be facially plausible in order to survive a motion to dismiss). The pleadings must raise the right to relief beyond the speculative level, and a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). On a motion to dismiss, the court "can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Indeed, mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004). Moreover, allegations that are contradicted by judicially noticeable facts need not be accepted as true by the Court. *Shwarz v. U.S.*, 234 F.3d 428, 435 (9th Cir. 2000). In short, "[d]ismissal is proper under Rule 12(b)(6) if it appears beyond doubt that the non-movant can prove no set of facts to support its claims." *Adams*, 355 F.3d at 1183.

Moreover, a Rule 12(b)(6) motion is the proper vehicle for dismissing claims for damages that are barred as a matter of law. *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974 (9th Cir. 2010) (holding that Rule 12(f) motion to strike portions of complaint seeking lost profits and consequential damages should have been brought as a Rule 12(b)(6) or Rule 56 motion); *Marderosian v. Warner Bros. Entm't*, No. 2:17-cv-01062-CAS (GJSx), 2017 WL 1653943, at *1 (C.D. Cal. May 1, 2017) (defendant's Rule 12(b)(6) "Motion to Dismiss Plaintiffs' Claims for Statutory Damages and Attorneys' Fees," which was based on plaintiffs' failure to register their copyrights prior to bringing an infringement action, was "procedurally proper").

### B. <u>Plaintiff Cannot Recover Statutory Damages And Attorneys' Fees</u>

Based on her own allegations and judicial admissions in the Complaint, Plaintiff's claims for statutory damages and attorneys' fees on her First and Second Claims fail. Section 412 of the Copyright Act prohibits the award of statutory damages or attorneys' fees in an action for infringement, unless the registration requirements are met prior to the time in which the alleged infringement occurred or within three months of first publication:

> In any action under this title . . . no award of statutory damages or of attorney's fees, as provided by sections 504 and 505, shall be made for . . . (2) any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work.

17 U.S.C. § 412(2); *see also Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696, 699 (9th Cir. 2008) (reversing district court's award of statutory damages for post-registration infringements where the initial act of infringement occurred prior to effective copyright registration date); *Alaska Stock, LLC v. Houghton Mifflin Harcourt Pub. Co.*, 747 F.3d 673, 678 (9th Cir. 2014) ("[r]egistration prior to

infringement or, if the work is published, within three months of publication, is necessary for an owner to obtain statutory damages and attorney's fees"); *Peliculas Y Videos Internacionales, S.A. de C.V. v. Harriscope of Los Angeles, Inc.*, 302 F. Supp. 2d 1131, 1138 (C.D. Cal. 2004) (dismissing claims for statutory damages and attorneys' fees where works were published prior to copyright registration).

As set forth above, Plaintiff did not file her copyright registration for the Subject Photographs until *after* all alleged infringement commenced. Plaintiff filed her copyright registration for the Subject Photographs on January 19, 2018. (Compl., ¶ 8; RJN, Exh. 9.) Defendant purportedly posted the Subject Photographs on its website in various articles from April 10, 2015 through August 24, 2017. (Compl., ¶¶ 9, 11-13, 15, 17.) Thus, by Plaintiff's own allegations and judicial admissions, all of Defendant's alleged infringement occurred before she submitted her copyright registration application.[3]

Plaintiff also failed to register a copyright application for the Subject Photographs within three months after they were first published. *See* 17 U.S.C. § 412(2). Plaintiff published the Subject Photographs on her Instagram account between February 2014 and December 2015 but did not apply for a copyright registration until January 19, 2018. (Compl., ¶ 8; RJN, Exhs. 1-9.) Under the plain language of 17 U.S.C. § 412, Plaintiff cannot state a claim to recover statutory damages or attorneys' fees for either of her Copyright Act claims. Accordingly, Plaintiff's claims for these damages must be dismissed as a matter of law.[4]

/ / /

/ / /

/ / /

---

[3] *See American Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988) ("Factual assertions in pleadings . . . are considered judicial admissions conclusively binding on the party who made them").

[4] As noted above, these claims can be found in Paragraphs 29 and 35 of the Complaint, as well as Paragraphs b and d of the Prayer for Relief.

# IV.
# **CONCLUSION**

For all of these reasons, Defendant respectfully requests that the Court grant this Motion and dismiss Plaintiff's claims and prayer for statutory damages and attorneys' fees based on her Copyright Act claims.

DATED: May 1, 2018

KELLEY DRYE & WARREN LLP
David E. Fink
Cary L. Finkelstein
By: /s/ David E. Fink
    David E. Fink
    Attorneys for Defendant
    BuzzFeed, Inc.