Stephen M. Doniger, Esq. (SBN 179314)
stephen@donigerlawfirm.com
Scott Alan Burroughs, Esq. (SBN 235718)
scott@donigerlawfirm.com
Trevor W. Barrett (SBN 287174)
tbarrett@donigerlawfirm.com
Justin M. Gomes (SBN 301793
jgomes@donigerlawfirm.com
**DONIGER / BURROUGHS**
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820
Attorneys for Plaintiff
BRITTANY WRIGHT

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRITTANY WRIGHT, an individual, | Case No. 2:18-cv-02187 CAS (AFM) <br> *Honorable Christina A. Snyder* |
| Plaintiff, | **PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS** |
| vs. | |
| BUZZFEED, INC., a New York Corporation; et al, | |
| Defendants. | Date:    June 4, 2018 <br> Time:   10:00 AM <br> Place:  Courtroom 8D |

i
PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

## I. INTRODUCTION

The instant Motion fails. Brittany Wright's Complaint plausibly states the causes of action and contains no allegations that can be read to preclude a claim for statutory damages and attorneys fees under Sections 504 and 505 of the Copyright Act.[1] Plaintiff does not assert a right to statutory damages and attorneys fees under these sections for infringing publications that pre-date the copyright registration, but only as to infringing posts that post-date the registration.

As set forth in full below, Defendant's Motion should be denied. To the extent the Court credits any of the positions in the Motion, Wright requests that she be provided an opportunity to amend to cure any perceived deficiency.

## II. LEGAL STANDARD ON MOTION TO DISMISS

A claim may be dismissed only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001) (citing *Conley v. Gibson*, 35 U.S. 41, 45–46 (1957); *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 338 (9th Cir. 1996))("A complaint should not be dismissed unless a plaintiff can prove no set of facts in support of his claim which would entitle him to relief."); *see also Balistreri v. Pacifica Police Dept.*, 901 F.3d 696, 699 (9th Cir. 1988) (dismissal is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory).

Motions to dismiss for failure to state a claim are disfavored and rarely granted. *Hall v. City of Santa Barbara*, 833 F.2d 1270, 1274 (9th Cir. 1986). To survive such a motion, a complaint must contain merely a "short and plain statement

---

[1] BuzzFeed specifically stated in Footnote 1 of its Motion to Dismiss that it is not addressing Plaintiff's claim for statutory damages or attorneys fees under the DMCA. Therefore, Plaintiff will not address the merits of that claim and likewise reserves the right to oppose any such claim against her rights.

1
PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) (quoting Fed. R. Civ. P. § 8(a)(2)). Detailed factual allegations are not required. *Id.* In deciding a motion to dismiss, all material allegations of the complaint are taken as true and all reasonable inferences are drawn in Plaintiff's favor. *Cahill*, 80 F.3d at 338; *See also Pareto v. F.D.I.C.,* 139 F.3d 696, 699 (9th Cir.1998) (the complaint must be taken as a whole and read in the light most favorable to the plaintiff.)

"In ruling on a 12(b)(6) motion, a court generally cannot consider material outside of the complaint (*e.g.,* those facts presented in briefs, affidavits, or discovery materials). *Zella v. E.W. Scripps Co.*, 529 F. Supp. 2d 1124, 1128 (C.D. Cal. 2007). The Defendant fails to meet this standard.

### III. ARGUMENT

#### A. Plaintiff's Complaint did not preclude it from infringements by Defendant that occurred after the date of copyright registration.

The Complaint properly alleges that Wright may seek statutory damages and attorneys fees in regard to any publication by Buzzfeed of her work without permission *after* the date of the registration. Section 412(2) allows a copyright holder to recover such damages so long as the work at issue was "registered prior to commencement of the infringement, unless the registration is made within three months after first publication of the work." *Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F. 3d 696, 698 (9th Cir. 2008). Here, Buzzfeed published without permission Wright's work *after* the date of the registration for Wright's work.

While true that Buzzfeed also published Wright's work without permission before the date of the registration, Wright does not seek statutory damages and attorneys fees under Sections 504 and 505 for those publications. And, those prior Buzzfeed publications do not preclude Wright from seeking statutory damages and attorneys fees under Sections 504 and 505 in regard to Buzzfeed's later, discrete,

post-registration publications. That is because "each wrong gives rise to a discrete 'claim' that 'accrue[s]' at the time the wrong occurs." *Petrella v. Metro-Goldwyn-Mayer, Inc*, 134 S. Ct. 1962 1969 (2014) (citation omitted). Buzzfeed's post-registration publication of Wright's work gives rise to a claim for statutory damages and attorneys fees.

Indeed, prior to the filing of the Complaint, Buzzfeed claimed to have ceased all use of Wright's work. After the filing of the Complaint, Buzzfeed exploited Wright's work in an entirely new publication. This "this cessation of infringing activity renders the defense of continuing infringement inapplicable to the claims arising out of the website." *Rosen v. Netfronts, Inc*., No. CV 12-658 CAS FFMX, 2013 WL 3467205, at *3 (C.D. Cal. July 9, 2013)(multi-year cessation allows for recovery of statutory damages for new infringement), citing *Troll Co. v. Uneeda Doll Co*., 483 F.3d 150, 158–159 (2d. Cir.2007); *Mason v. Montgomery Data, Inc*., 741 F.Supp. 1282, 1286 (S.D.Tex.1990); *Singh v. Famous Overseas, Inc*., 680 F.Supp. 533, 535 (E.D.N.Y.1988). And given that the infringing Buzzfeed articles that pre-dated the registration are entirely distinct from those that post-date the registration, the older publications are "irrelevant to the analysis of whether continuous infringement occurred" because they are entirely separate publications. Id., 2013 WL 3467205, at *3, fn. 3, *citing Derek Andrew, Inc*., 528 F.3d at 699.

As alleged in the Complaint at the time the Complaint was filed, "Defendants, and each of them, used and distributed images that are identical, or substantially similar, to *at least* ten (10) of the Subject Photographs in *at least* five (5) posts published on BuzzFeed." Dkt. No. 1, pg. 6 ¶20. Investigation has revealed that

Buzzfeed, after the filing of the Complaint and with notice of Wright's claims, *again* published Wright's work without permission in a new article on its web platform.[2]

Incredibly, while this litigation was pending, Buzzfeed published one of Wright's photographs, without her permission or indeed without even contacting her attorneys, with whom Buzzfeed was in contact at the time. Section 504 and 505 damages are available for this new item and any other new, discrete infringing items that were and are published after the January 19, 2018 registration date.

In its Motion, BuzzFeed attempts to hold Wright to an improperly high pleading standard by requiring Wright to identify each and every Buzzfeed post that incorporates Wright's material. That knowledge is particularly within Buzzfeed's possession and control and Wright cannot be required to plead the same. See *Friedman v. Live Nation Merch., Inc.*, 833 F.3d 1180, 1189 (9th Cir. 2016)("our general precedent that fairness dictates that a litigant ought not have the burden of proof with respect to facts particularly within the knowledge of the opposing party.")(citation omitted). Buzzfeed and Buzzfeed only has complete knowledge as to the number of times it has published Wrights' work without permission, and the date of those posts. For that reason, the Complaint pleads claims as to all uses by Buzzfeed, including post-registration uses.

In her pleadings, Wright identified representative Buzzfeed posts and alleged that her claims went to all unauthorized uses by Buzzfeed of her photographs. To the extent that Buzzfeed has used her work without her permission in posts and

---

[2] While it is understood that the review of this Motion is limited to the four corners of the complaint, Buzzfeed published on March 28, 2018 one of Wright's works, and this item was still live as of May 14, 2018 on Buzzfeed's platform: https://www.buzzfeed.com/ishabassi/satisfying-nature-photos (photograph number 22, accessed on May 14, 2018 at 3:29 p.m.) Notably, this new publication also violates Section 1202 of the DMCA by attributing Wright's photograph to an artist named "pr0gramm.com."

publications that are not attached to the pleadings, this will be revealed during discovery and those other publications should be within the purview of the operative Complaint. To the extent these other publications post-date the registration, statutory damages and attorneys fees under sections 504 and 505 are proper. The pleadings are sufficient.

**B.     Statutory damages and attorneys fees are pled in the alternative and are available for any new infringing posts by Defendants after the Subject Photograph was registered.**

The reference to statutory damages and attorneys fees in the Complaint is pled in the alternative and would seek such damages only as to new infringing items that were published after the registration date.

Wright does not dispute that statutory damages and attorneys fees are not available in connection with acts of infringement that pre-date the submission of the copyright registration applications. But, Buzzfeed's business model is predicated on infringement, and its site is rife with material that Buzzfeed published without permission of the author and for profit. As noted above, there has been at least one additional Buzzfeed publication of Wright's material without permission, and it occurred after the registration date. Wright has the right to seek statutory damages and attorneys fees related to this publication and any other discrete acts of infringement that began subsequent to the submission of the registration application. Even if there had been no such acts, Wright pleads in the alternative that should would be entitled to seeks the preclusions related to damages calculation that are delineated in the complaint, which are available regardless of prior registration. Dkt. No. 1, p. 8 at ¶29.

## IV.    PLAINTIFF SHOULD BE GIVEN LEAVE TO AMEND

If the Court credits any arguments advanced via this motion, it should allow Wright to amend to cure any perceived deficiencies. "[L]eave to amend should be

granted unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992). Defendants offer no evidence or argument that amendment would be sought in bad faith or that they would suffer prejudice or that it would be futile. To the contrary, Wright could, if necessary, plead the facts as to Buzzfeed's publication of at least one of Wright's photographs on a date after the submission of the registration application. This publication would give rise to a claim for attorneys fees and statutory damages under Sections 404 and 405. So owing and because leave to amend should be freely given, the Court should grant Plaintiff leave to amend should it credit any positions advanced by Buzzfeed.

## V. CONCLUSION

Plaintiff's Complaint meets the Rule 8 pleading threshold to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Plaintiff's claims for statutory damages are in the alternative, and only as new acts that post-date the registration. Defendants' motion to dismiss should be denied. In the alternative, it is respectfully requested that Wright be granted leave to amend to correct any perceived deficiencies.

Respectfully submitted,

Dated: May 14, 2018      By:      */s/ Scott Alan Burroughs*
Scott Alan Burroughs, Esq.
Trevor W. Barrett, Esq.
Justin M. Gomes, Esq.
DONIGER / BURROUGHS
Attorneys for Plaintiff