| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:18-cv-02187-CAS (AFMx) | Date | June 4, 2018 |
| Title | BRITTANY WRIGHT V. BUZZFEED, INC. ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) - PLAINTIFF'S PARTIAL MOTION TO DISMISS COMPLAINT (Dkt. 15, filed May 1, 2018)

The Court finds this motion appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7–15.

## I.  INTRODUCTION

On March 15, 2018, plaintiff Brittany Wright filed this copyright infringement action against defendants Buzzfeed, Inc. ("Buzzfeed") and Does 1–10, asserting claims for (1) copyright infringement in violation of the Copyright Act of 1974, 17 U.S.C. § 101 et seq., (2) contributory and/or vicarious copyright infringement, and (3) violations of the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 1201 et seq. Dkt. 1 ("Compl."). Plaintiff seeks statutory damages and attorneys' fees in connection with her first and second claims under the Copyright Act pursuant to 17 U.S.C. § 504 and § 505. Id.

On May 1, 2018, defendant filed the above-captioned partial motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), asserting that plaintiff is not entitled to statutory damages and attorneys' fees as a matter of law under 17 U.S.C. § 412. Dkt. 15 ("Mot."). On May 14, 2018, plaintiff filed an opposition. Dkt. 18 ("Opp'n"). Defendant filed a reply on May 25, 2018. Dkt. 19 ("Reply").

Having carefully considered the parties arguments, the Court finds and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | **'O'** |
|---|---|---|---|
| Case No. | 2:18-cv-02187-CAS (AFMx) | Date | June 4, 2018 |
| Title | BRITTANY WRIGHT V. BUZZFEED, INC. ET AL. | | |

## II. BACKGROUND

The following facts are alleged in the complaint or otherwise subject to judicial notice.[1]

Plaintiff is a photographer who maintains a website and an Instagram account to display her work: original, unique photographs of colorful food arrangements. Compl. at 2. Plaintiff also produced a book featuring her photography entitled "Feast Your Eyes," which was published on November 28, 2017. Id., RJN, Ex. 9. Plaintiff applied to register a copyright for her book on January 19, 2018, which was subsequently approved by the United States Copyright Office. See Compl. ¶ 8; RJN, Ex. 9.

Plaintiff alleges that defendants infringed this copyright by publishing several photographs (the "subject photographs") on the Buzzfeed website without her authorization on the following dates: April 10, 2015; May 12, 2016; June 6, 2016; June 10, 2016; August 7, 2016; and August 24, 2017. Compl. ¶¶ 9, 11–13, 15, 17, 24. Plaintiff also alleges that defendants "used and distributed images that are identical, or substantially similar, to at least ten" of the subject photographs "in at least five" posts published by Buzzfeed. Id. ¶ 20.

The subject photographs are featured in "Feast Your Eyes," id. ¶ 8, but were initially published on plaintiff's Instagram account on the following dates: February 2, 2014; February 5, 2014; June 12, 2014; August 10, 2014; November 11, 2014; December 9, 2014; March 29, 2015; and December 21, 2015. RJN, Exs. 1–8.

## III. LEGAL STANDARD

A motion pursuant to Rule 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" Conservation Force v. Salazar, 646 F.3d 1240, 1242

---

[1] The Court **GRANTS** defendant's unopposed request for judicial notice of eight photographs posted on plaintiff's Instagram account and her application for copyright registration. Dkt. 16 ("RJN"), Exs. 1–9; see Datel Holdings Ltd. v. Microsoft Corp., 712 F. Supp. 2d 974, 984 (N.D. Cal. 2010) (taking judicial notice of materials posted on the defendant's website); Hyowon Elecs., Inc. v. Erom, Inc., No. CV 13-8378 GAF (SSX), 2014 WL 12560693, at *2 (C.D. Cal. May 15, 2014) (taking judicial notice of copyright registration application).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | 2:18-cv-02187-CAS (AFMx) | Date | June 4, 2018 |
| Title | BRITTANY WRIGHT V. BUZZFEED, INC. ET AL. | | |

(9th Cir. 2011) (quoting <u>Balisteri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." <u>Id.</u>

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. <u>Pareto v. FDIC</u>, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. <u>Sprewell v. Golden State Warriors</u>, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 679 (2009); <u>see</u> <u>Moss v. United States Secret Service</u>, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." <u>Iqbal</u>, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). <u>In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig.</u>, 102 F.3d 1524, 1537 (9th Cir. 1996), <u>rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach</u>, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. <u>In re Silicon Graphics Inc. Sec. Litig.</u>, 183 F.3d 970, 986 (9th Cir. 1999); <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 689 (9th Cir. 2001).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| | | | |
|---|---|---|---|
| Case No. | 2:18-cv-02187-CAS (AFMx) | Date | June 4, 2018 |
| Title | BRITTANY WRIGHT V. BUZZFEED, INC. ET AL. | | |

could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).

## III. DISCUSSION

The Copyright Act provides that the owner of a registered copyright that has been infringed may elect to recover statutory damages instead of actual damages and profits. 17 U.S.C. § 504. District courts also have discretion to award reasonable attorneys' fees to the prevailing party in a copyright infringement action. 17 U.S.C. § 505. However, "no award of statutory damages or of attorney's fees . . . shall be made for any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work." 17 U.S.C. § 412(2). In other words, "[r]egistration prior to infringement or, if the work is published, within three months of publication, is necessary for an owner to obtain statutory damages and attorneys' fees.") Alaska Stock, LLC v. Houghton Mifflin Harcourt Pub. Co., 747 F.3d 673, 678 (9th Cir. 2014) (citing 17 U.S.C. § 412).

Defendant argues that plaintiff is not entitled to statutory damages or attorneys' fees under 17 U.S.C. § 412 because she filed her copyright registration application after all alleged infringement commenced and more than three months after she first published the subject photographs. Mot. at 3. Plaintiff applied for copyright registration for the subject photographs on January 19, 2018. Compl., ¶ 8; RJN, Ex. 9. The complaint alleges that defendant posted the subject photographs on its website in various posts from April 10, 2015 through August 24, 2017. Compl., ¶¶ 9, 11–13, 15, 17. Defendant's alleged infringement thus occurred before plaintiff submitted her copyright registration application. Mot. at 5. Moreover, plaintiff did not register the copyright for the subject photographs within three months after they were first published on her Instagram account. Id. Accordingly, defendant asserts that plaintiff cannot recover statutory damages or attorneys' fees as a matter of law. Id. at 5–6.

Plaintiff "does not dispute that statutory damages and attorneys' fees are not available in connection with acts of infringement that pre-date the submission of the copyright registration applications." Opp'n at 5. She nevertheless contends that the complaint properly alleges entitlement to statutory damages and attorneys' fees for "Buzzfeed's later, discrete, post-registration publications." Id. at 2–3. For example, plaintiff asserts in her opposition brief that Buzzfeed infringed on her work "in an entirely new publication" posted March 28, 2018, approximately two weeks after her complaint

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:18-cv-02187-CAS (AFMx) | Date | June 4, 2018 |
| Title | BRITTANY WRIGHT V. BUZZFEED, INC. ET AL. | | |

was filed. Id. Plaintiff maintains her pleading is sufficient because it identifies "representative Buzzfeed posts and alleged that her claims went to all unauthorized uses by Buzzfeed of her photographs." Id. at 4. Because knowledge regarding which Buzzfeed posts incorporate the copyrighted material "is particularly within Buzzfeed's possession and control," plaintiff asserts that she should not be required to identify each and every infringing post in her pleadings. Id.

Having carefully examined the complaint, the Court agrees with defendant that—as currently pleaded—plaintiff is not entitled to statutory damages or attorneys' fees because (1) each alleged infringement pre-dates her copyright registration; and (2) the copyright was not registered within three months of first publication. See 17 U.S.C. § 412(2); see also Compl., ¶¶ 8, 9, 11–13, 15, 17; RJN, Exs. 1–9. Although plaintiff has allegedly demonstrated at least one new infringement after the complaint was filed, this "new" allegation asserted in her opposition brief is "irrelevant for Rule 12(b)(6) purposes." Schneider v. California Dep't of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998). Although the complaint generally alleges that defendants "used and distributed images that are identical, or substantially similar, to *at least* ten" of the subject photographs "in *at least* five" posts published by Buzzfeed, Compl. ¶ 20 (emphasis added), this allegation does not refer to any post-registration uses. Moreover, there is no indication that knowledge regarding infringement is "particularly within Buzzfeed's possession and control" because, here, the alleged infringement occurred and is occurring on a single, publicly accessible website.

The Court will nevertheless grant plaintiff leave to amend her complaint to assert post-registration infringement entitling her to an award of statutory damages and attorneys' fees. Under Federal Rule of Civil Procedure 15(a), leave to amend should be freely granted "unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607 (9th Cir. 1992). Defendant asserts that leave to amend should be denied because plaintiff "had ample opportunity to amend her complaint as a matter of right" but instead has "used the pleading and the meet and confer processes and the Court's time to play games." Reply at 3. This argument is not well-taken. Defendant has made no showing of prejudice, bad faith, futility, or undue delay. Accordingly, the Court will grant leave to amend.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     **'O'**

| Case No. | 2:18-cv-02187-CAS (AFMx) | Date | June 4, 2018 |
|---|---|---|---|
| Title | BRITTANY WRIGHT V. BUZZFEED, INC. ET AL. | | |

## IV. CONCLUSION

For these reasons, the Court **GRANTS** defendant's partial motion to dismiss. Plaintiff's prayer for statutory damages and attorneys' fees in connection with her first and second claims under the Copyright Act is hereby **DISMISSED WITHOUT PREJUDICE**.

Plaintiff shall have twenty-one (21) days from the date of this order to file an amended complaint. Failure to do so may result in dismissal of her prayer for statutory damages and attorneys' fees with prejudice.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |